UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BINICIO MORALES, et al.,

                              Plaintiffs,

                     -v-

AHDS BAGEL LLC, et al.,

                              Defendants.

20 Civ. 6590 (PAE) (SDA)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 17, 2023, the parties submitted a proposed settlement agreement ("Agreement"), Dkt. 62, in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. The Court has carefully reviewed the Agreement. For the reasons that follow, the Court approves the settlement.

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15 Civ. 3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). Further, "[t]he Court must ... separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).

The Court has carefully reviewed the Agreement and supporting submissions. The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177–81 (S.D.N.Y. 2015); *Hernandez v. Uzzal Pizzeria, Inc.*, No. 21 Civ. 177 (PAE) (JLC), 2022 WL

1032522, at *1 (S.D.N.Y. Apr. 6, 2022). And although the Agreement's release includes broad language—for example, releasing both plaintiffs and defendants from "any and all known claims" against the other—that release relates only "specifically to the claims in the Litigation that have occurred as of the Effective Date of th[e] Agreement." Dkt. 62-1 ("Agreement") at 3. *Cf. Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *4 (S.D.N.Y. Apr. 27, 2015) (declining to approve FLSA "Agreement until the release is sufficiently narrowed to cover only released conduct that arises out of the identical factual predicate as the settled conduct." (cleaned up)); *Flood v. Carlson Rests. Inc.*, No. 14 CIV. 2740 AT GWG, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) ("[U]ntil the releases ... are limited to claims relating to the existing suit, the Court will not approve the agreements.").

The proposed attorneys' fees are reasonable. Under the proposed Agreement, defendants would pay $20,718.00 of the $60,000 total settlement to attorneys CSM Legal, P.C. to cover fees and costs. *See* Agreement at 2. Less their costs of $1,538.50, CSM Legal, P.C. would receive approximately 32% of the total settlement value—that is, with their costs subtracted, CSM Legal, P.C. would receive $19,179.50 from the total settlement sum of $58,461.50. *See* Dkt. 62-3 (costs were $1,538.50). Courts in this District frequently approve a fee of approximately one-third of the settlement amount, *see, e.g., Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *4 (S.D.N.Y. May 10, 2016) (noting that "one-third-of-settlement sum is consistent with 'contingency fees that are commonly accepted in the Second Circuit in FLSA cases'" (quoting *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015))). The proposed attorneys' fee here is thus within the accepted percentage range in this Circuit. *Cf. Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a fee of approximately

2

one-third of the settlement amount); *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases in which courts have rejected fee awards above one-third of the settlement amounts); *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737 (S.D.N.Y. May 24, 2017) (approving proposed fee award that was 33% of total settlement).

"Even where attorney's fees are calculated with the percentage method, courts must still independently ascertain the reasonableness of the requested fees." *Mobley v. Five Gems Mgmt. Corp.*, No. 17 CIV. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018). To do so, courts typically perform a lodestar "cross-check"—that is, they compare the fees generated by the percentage method with those generated by the lodestar method. *Id.* Here, according to the documentation and calculations submitted by plaintiffs' counsel, their lodestar amounts to $8,390.00, for a multiplier of approximately 2.4. *See* Dkt. 62-3. The Court accepts plaintiffs' hours and fees as reasonable. And this multiplier is within the range of those generally allowed in this Circuit. *See, e.g.*, *Johnson v. Brennan*, No. 10 Civ. 4712 (CM,) 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); *Shapiro v. JPMorgan Chase & Co.*, No. 11 CIV. 7961 CM, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) (""Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District." (citation omitted)); *Pinzon*, 2018 WL 2371737, at *3 (approving multiplier of 5.23).

Accordingly, the Court approves the Agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

3

                                                                                          _____
                                                                                          PAUL A. ENGELMAYER
                                                                                          United States District Judge

Dated: January 19, 2023
New York, New York